<u>**NOT FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                          :        Chapter 7
                                                :
        THOMAS ALOYSIUS MARTIN,                 :        Case No. 05-30022 (CGM)
                                                :
                            Debtor.             :
                                                :
-------------------------------------------------------------x
                                                :
VIRGINIA MARTIN,                                :        Adv. Proc. No. 05-9020
                                                :
                            Plaintiff           :
                                                :
        - against -                             :
                                                :
THOMAS A. MARTIN,                               :
                                                :
                            Defendant.          :
-------------------------------------------------------------x

**MEMORANDUM DECISION GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

<u>**A P P E A R A N C E S**</u> **:**

Gregory G. Harris
Harris, Balzer & Conway, PLLC
Five Clinton Square
Albany, NY 12207
*Attorneys for Plaintiff*

Thomas Aloysius Martin
*Pro se*

**CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE**

Plaintiff Virginia Martin, a creditor and former spouse of Debtor[1] Thomas

Aloysius Martin, moves for summary judgment on Plaintiff's complaint to declare

Plaintiff's claim non-dischargeable pursuant to 11 U.S.C. § 523(a)(10).  Under

Bankruptcy Code Section 523(a)(10) a debt is non-dischargeable if the debt:

> was or could have been listed or scheduled by the debtor in a prior case
> concerning the debtor under [the Bankruptcy Code] in which the debtor
> waived discharge, or was denied a discharge under section 727(a)(2), (3),
> (4), (5), (6), or (7) of this title . . . .

Because the Debtor's discharge was denied under Bankruptcy Code Section

727(a)(2), (3), (4) and (5) in the Debtor's 1992 bankruptcy case, the analysis under

Section 523(a)(10) in this case is straightforward:  If the Plaintiff's claim arose prior to

the1992 bankruptcy filing, then the claim "was or could have been listed or scheduled by

the debtor" in the Debtor's prior case and is non-dischargeable.  The undisputed facts

reveal that the Plaintiff does hold such a claim, and the Plaintiff is therefore entitled to

summary judgment.

In an effort to confuse the simple application of Section 523(a)(10) in this case,

Debtor raises various objections, disputes and contentions of fact.  In each case, the

Debtor's assertions cannot defeat summary judgment because they are either irrelevant to

the legal issue to be decided to the Court or barred by the principles of *res judicata*.

### Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28

U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge

---

[1]     Although both parties have been debtors in separate bankruptcy cases prior to this one, in this opinion Virginia Martin is always referred to as the "Plaintiff," and Thomas A. Martin is always referred to as the "Debtor."

Robert J. Ward dated July 10, 1984.  A determination as to the dischargeability of a debt

is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I).


## UNDISPUTED FACTS

Debtor filed a case under Chapter 7 of the Bankruptcy Code on January 20, 2005.

Schedule F of Debtor's petition lists the Plaintiff as holding a claim in the amount of

$301,262.00 on account of a "Court Judgment dated 7/22/04".  Plaintiff's claim is not

indicated as disputed in the box provided on Schedule F.

On May 11, 2005, this adversary proceeding was commenced.  Debtor answered

the complaint on May 23, 2005 (ECF Docket No. 4).  The Debtor's answer admits every

factual contention in the complaint and only disputes the legal conclusions. *See*

Complaint, ¶4, 5, 6, 7, 8, 9 and 10; Answer, ¶ 2.

Plaintiff alleges that she was divorced from the Debtor pursuant to a New York

State Judgment of Divorce dated December 21, 1990, which was entered in the Columbia

county Clerk's Office on January 7, 1991 (hereafter, the "Judgment of Divorce").  The

Debtor does not dispute that the Judgment of Divorce was entered.  *See* Complaint, ¶5;

Plaintiff's Statement of Undisputed Facts, ¶2 (ECF Docket No. 11); Answer, ¶2.

The Judgment of Divorce "incorporated, without merger therein, an Agreement

the parties executed on October 11, 1986".  The agreement is referred to hereafter as the

"1986 Agreement."  The Debtor does not dispute these allegations. *See* Complaint, ¶5;

Statement of Undisputed Facts, ¶2; Answer, ¶2.

In 1992, the Debtor filed a prior Chapter 7 bankruptcy case in the Northern

District of New York under case number 92-11520 (the "1992 Filing").  Key Bank of

New York commenced an adversary proceeding objecting to Debtor's discharge in the

1992 Filing.  Key Bank's objection was ultimately sustained, and the Debtor's discharge

was denied by an oral decision and order, both issued by Bankruptcy Judge David T.

Stosberg[2] on December 20, 1994.  A copy of the order and transcript of Judge Stosberg's

ruling are attached to Plaintiff's Statement of Material Facts, as Exhibits A and B,

respectively.  At page 27 of his ruling, Judge Stosberg stated:

> In summary, Mr. Martin falls in the "take your pick category["]: that is,
> take your pick under which section he should be denied a discharge as he
> should be denied a discharge under all of the allegations, that is Section 11
> U.S.C. 727(a)(2), (3), (4) and (5).

The Debtor does not dispute that he was denied a discharge in the 1992 Filing.

*See* Complaint, ¶6; Statement of Undisputed Facts, ¶3; Answer, ¶2.

By order dated November 13, 1996, Plaintiff obtained relief from the automatic

stay in the 1992 Filing to permit the Plaintiff "to recover sums due to Plaintiff under a

prenuptial agreement and judgment of divorce."  Litigation concerning the 1986

Agreement and the Judgment of Divorce continued between these parties in state court

for several years.  On November 5, 2004, judgment was entered in favor of the Plaintiff

pursuant to a decision and order dated July 19, 2004 and entered in the Columbia County

Clerk's Office on July 22, 2004.  Copies of the November 5, 2004 judgment and July

2004 decision and order are annexed to Plaintiff's Statement of Material Facts as Exhibit

E and are hereafter referred to collectively as the "2004 Judgment".  The 2004 Judgment

awarded the Plaintiff $300,000 plus interest from December 21, 1990, plus costs and

disbursements of $1,262.  The Debtor's motion to renew and/or reargue was denied by

the New York State Supreme Court on March 9, 2005.  The Debtor admits that the 2004

---

[2]    Judge David T. Stosberg of the United States Bankruptcy Court for the Western District of
Kentucky presided by designation.

Judgment was entered, and that his motion to renew and/or reargue was denied. *See*
Complaint, ¶9-10; Statement of Undisputed Facts, ¶5-6; Answer, ¶2.

Plaintiff's complaint seeks a declaration of non-dischargeability on three grounds.
First, Plaintiff argues that the Debtor is "collaterally estopped from denying the non-
dischargeability of Debtor's Judgment obligation to [Plaintiff] by reason of *stare decisis*
and/or *res judicata* and/or law of the case." It is this ground, reformulated as a cause of
action under Section 523(a)(10), on which Plaintiff now moves for summary judgment.
Second, Plaintiff contends that "Debtor's obligation to his former spouse . . . under New
York State Judgment of Divorce and the [1986 Agreement] as evidenced by the [2004
Judgment], is . . . in the nature of or functioning as alimony, maintenance and support,"
which is non-dischargeable under Bankruptcy Code Section 523(a)(5). The third cause
of action under Bankruptcy Code Section 523(a)(15) has been withdrawn.

## DISCUSSION

**I.    Standards for Granting Summary Judgment**

In In re Ticketplanet.com, 313 B.R. 46, 58 (Bankr. S.D.N.Y. 2004), Judge
Gropper reiterated the prevailing standards on a summary judgment motion:

> Pursuant to Rule 56(c), incorporated by Bankruptcy Rule 7056(c),
> summary judgment should be granted to the moving party if the Court
> determines that "the pleadings, depositions, answers to interrogatories, and
> admissions on file, together with affidavits, if any, show that there is no
> genuine issue as to any material fact and that the moving party is entitled
> to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317,
> 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting F.R.C.P. 56(c)). The mere
> existence of disputed facts will not preclude entry of summary judgment.
> Rather, only disputes over facts that may affect the outcome of the suit
> under the governing law will properly preclude the entry of summary
> judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106
> S.Ct. 2505, 91 L.Ed.2d 202 (1986).
>
> A movant has the initial burden of establishing the absence of any genuine
> issue of material fact. Celotex, 477 U.S. at 322-23, 106 S.Ct. 2548. That

burden can be satisfied by demonstrating the absence of evidence to support the non-movant's case. Id. at 325, 106 S.Ct. 2548. Once the moving party has met its burden, its opponent must do more than simply show there is some metaphysical doubt as to these material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## II.    Plaintiff's Claim is Non-Dischargeable Under 11 U.S.C. § 523(a)(10)

In his answer, the Debtor denies the legal conclusions of Plaintiff's first cause of action, contending that the Plaintiff's claim does not qualify under any of the 19 categories of exception to discharge in Bankruptcy Code Section 523(a), and the Plaintiff argues that "[t]he doctrines of preclusion relied on by Plaintiff have no relevance to the issue of whether a claim can or should be discharged."

"In contrast to collateral estoppel, which bars issues *actually litigated and decided* in a previous lawsuit, the doctrine of *res judicata* bars not only those issues which were actually decided in the prior action but also any issues which *could have* been raised." Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1364 (7th Cir. 1988) (emphasis in original) (internal quotations omitted). *Res judicata* will be applied where (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001).

"A determination of nondischargeability in one bankruptcy case has a *res judicata* effect on the same debt in a subsequent case." In re Webb, 157 B.R. 614, 616 (Bankr. N.D. Ohio 1993) (noting that debts existing at the commencement of a case where

discharge is denied "can never be discharged"). Under Section 523(a)(10), denial of

discharge in a prior case "is, in effect, *res judicata* with respect to the debts in existence."

4 COLLIER ON BANKRUPTCY ¶523.16, p. 523-112 (15 ed. rev. 2002).

The Debtor has admitted the facts necessary to prove a cause of action under

Section 523(a)(10). Specifically, the Debtor admits that (1) his discharge in the 1992

filing was denied, and that (2) the 2004 Judgment arises from claims existing prior to the

1992 Filing. Thus, summary judgment is appropriate under Section 523(a)(10) because

the debt in question "was or could have been listed or scheduled" by the Debtor in the

1992 filing, in which the Debtor was denied a discharge under Sections 727(a)(2), (3), (4)

and (5). Even absent the application of Section 523(a)(10), Debtor's admissions fulfill all

of the elements of *res judicata* because the denial of discharge in the 1992 Filing was (1)

an adjudication on the merits, (2) involved an action to deny discharge applicable to all

creditors, including the Plaintiff, and (3) the claims asserted in this adversary proceeding

were, or could have been, raised in the prior action.


III.    **The Disputed Facts are Not Material**

The Debtor offers the following material issues of fact in his "Affidavit in

Opposition to Plaintiff's Motion for Summary Judgment" (ECF Docket No. 15; hereafter,

"Debtor's Affidavit").

1.    **Validity of Proof of Claim in 1992 Filing**

The Debtor claims that there is a genuine dispute regarding the validity of a proof

of claim filed by the Plaintiff in the 1992 Filing. The Debtor contends that a trial should

be held to determine whether the proof of claim was a "false claim." Debtor's Affidavit,

¶1.  The Debtor argues that if the Plaintiff's claim in the 1992 Filing in the Northern

District of New York was a "false claim," then it is "inconceivable" that the claim would

be nondischargeable under Section 523(a)(10). Debtor's Affidavit, ¶10.  The Debtor

suggests that the filing of the false claim may have been a criminal act, but (except as

discussed in part 2, *infra*) the Debtor provides no facts whatsoever to support his

argument that the claim was false.  The Debtor does not allege that he or any other party

in interest ever objected to the Plaintiff's proof of claim in the 1992 Filing.

In any event, it is not necessarily the amount of the proof of claim by the Debtor

in the 1992 Filing that will be rendered non-dischargeable under Section 523(a)(10).  The

words of the statute are that a debt "that was or could have been listed or scheduled by

the debtor in a prior case" is non-dischargeable.  Moreover, the Plaintiff does not seek a

declaration of non-dischargeability as to the amount contained in the proof of claim in the

1992 Filing.  The basis of Plaintiff's objection to discharge under Section 523(a)(10) is

the 2004 Judgment which is based upon the 1986 agreement and Judgment of Divorce,

both of which preceded the 1992 Filing and "[were] or could have been listed or

scheduled by the debtor in a prior case".

Because the amount of the non-dischargeable claim under Section 523(a)(10) has

now been set by the 2004 Judgment, the Court fails to see how litigation over whether a

proof of claim for a different amount filed in another bankruptcy case, in another district,

more than a decade ago is in any way a material fact in this case.  Any claim previously

asserted by the Plaintiff with regard to the Judgment of Divorce and 1986 Agreement has

now been adjudicated by the state court, as set forth in the 2004 Judgment.  Put

differently, the claim arising from the Judgment of Divorce and 1986 Agreement

(whatever the amount) is non-dischargeable under Section 523(a)(10); although the

amount may have been in dispute when the Plaintiff filed her proof of claim in the 1992

Filing, given the 2004 Judgment there is now no dispute as to the amount of the claim.  It

is often the case in bankruptcy that a claim is filed in order to preserve a right; in such

cases the amount is often based upon a good-faith estimate, with the actual amount to be

determined in the future.

### 2.   Plaintiff Failed to List the Claim as a Bankruptcy Asset

Debtor claims that the Plaintiff, in her own bankruptcy case[3], failed to schedule

her potential right to receive payment under the 1986 Agreement and Judgment of

Divorce. Debtor's Affidavit, ¶11-14.  Debtor argues that because the state court

"acknowledged but ignored" this argument, it was not decided, and that this Court can

consider his argument on this point without engaging in a collateral attack on the State

Court's prior decision. Debtor's Affidavit, ¶15-16.  Defendant also submitted a four-page

"Challenge and Supplement to Plaintiff's Statement of Material Facts" (hereafter, the

"Challenge and Supplement"), which further elaborates on this argument.[4]

The argument that the Plaintiff failed to schedule her entitlement to a property

settlement from Martin in Plaintiff's bankruptcy case forms the backbone of the Debtor's

opposition to summary judgment and is the only articulated basis for why the Debtor

contends that Plaintiff's proof of claim in the 1992 Filing was "false".  See Challenge and

Supplement, page 3 ¶B.  Debtor's argument is apparently that because the property

---

[3]   Plaintiff filed her Chapter 7 bankruptcy case on October 6, 1992 under Case No. 92-14226 in the
Southern District of New York, Poughkeepsie Division.

[4]   As of the date of this decision, the Challenge and Supplement has not been filed on ECF.  The
Court will request that it be docketed by the Clerk's Office on the Debtor's behalf, so that the Court's
docket sheet reflects the complete record of the case.

settlement was not disclosed to the Plaintiff's bankruptcy trustee, her entitlement under the 2004 Judgment remains property of her bankruptcy estate.[5]  Debtor's Affidavit, ¶11-14.

The parties agree that in response to the question on Schedule B, item 16 on Plaintiff's 1992 bankruptcy petition, requiring the Plaintiff to disclose all "Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled," the Plaintiff answered: "CHOSE IN ACTION FOR SPOUSAL SUPPORT/ALIMONY." Challenge and Supplement, Exhibit B.  Plaintiff also stated that the value of her interest was "unknown" and answered that the total debt on the property was "0.00."  The Debtor further identified the Debtor as the "Person in possession" and stated that "EX-HUSBAND, THOMAS A. MARTIN IS PRESENTLY A CH. 7 BANKRUPTCY DEBTOR – PENDING IN NDNY AT ALBANY." Id.  The Debtor concludes that listing a chose in action for spousal support/alimony "has nothing to do with the property settlement asset." Challenge and Supplement, page 2, (misnumbered) ¶7.

The problem with the Debtor's argument is that regardless of whether the Plaintiff properly disclosed her entitlement under the 1986 Agreement in her bankruptcy case, that entitlement is nevertheless a claim "that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title" under Section 523(a)(10). That fact remains true for the Debtor regardless of whether the right to collect on the 2004 Judgment belongs to the Plaintiff or the Plaintiff's bankruptcy estate.[6]  The Debtor's

---

[5]        Under Section 554(d), assets that are not scheduled and not administered in the bankruptcy case are not abandoned when the case is closed.
[6]        Nothing in this decision should be construed to affect whatever right the trustee in the Plaintiff's bankruptcy case may have to reopen the case and seek to administer this asset.  Since the Court's ruling is that the 2004 Judgment is not dischargeable, any right that may belong to the trustee or the Plaintiff's bankruptcy estate is not prejudiced.

obligation to pay the rightful holder of the claim arising from the 1986 Agreement and

Judgment of Divorce would not be altered.  Because the outcome would not be availing

to Debtor on this motion for summary judgment, the dispute is not material.

The distinction between alimony or spousal support, on one hand, and what on the

other hand is characterized as a property settlement is often fluid.  Although this Court

has ruled that the dispute is immaterial on this motion for summary judgment, the Court

believes that Plaintiff's disclosure on her bankruptcy petition was probably sufficient to

disclose the potential of some kind of payment from the pending matrimonial action.  The

disclosure as written would have informed the bankruptcy trustee of the pendency of the

action and prompted the trustee to make further inquiry as appropriate.  Without

deciding, this Court does not necessarily believe that Plaintiff's disclosure was "false" or

"fraudulent" because the Plaintiff did not have the prescience in 1992 to accurately

predict the characterization of the 2004 Judgment.  The fact that the action pending on the

1986 Agreement was not perfectly described would not likely exclude the 2004 Judgment

from abandonment by the Plaintiff's bankruptcy trustee under Bankruptcy Code Section

554(d).

Finally, the Debtor acknowledges in his current bankruptcy schedules that the

Plaintiff holds an undisputed claim against the Debtor on account of the 1986 Agreement

and Judgment of Divorce, as set forth in the 2004 Judgment.  In Debtor's Schedule F, the

Plaintiff is listed as an unsecured creditor with a claim in the amount of $301,262, by

virtue of a "Court Judgment dated 7/22/04."  The Debtor's Schedule F does not indicate

that the claim is disputed.

### 3.     Motivation of Plaintiff's Attorney

According to the Debtor, the Plaintiff's attorney "was and may still be acting on a contingency basis," and Debtor suggests that Plaintiff's counsel's "relationship to this case is more than simple advocacy." Debtor's Affidavit, ¶2.  First, the Debtor is not asserting facts.  Rather, the Debtor has merely hinted at the possibility that such facts may exist, and has not affirmatively asserted a fact in dispute.  Moreover, the fact that the Plaintiff's attorney may receive compensation if his client prevails in this case is not a basis for denial of summary judgment where summary judgment is otherwise warranted.  There is nothing improper or overzealous about the decision of the Plaintiff and her counsel to bring this action seeking an adjudication that the Plaintiff's right to collect against the Debtor is preserved.  The Court has observed the conduct of Plaintiff's counsel, Gregory Harris, during the course of this case and has not identified a single action that would support the Debtor's intimations.

### 4.     Ineffective Counsel in Debtor's 1992 Filing

The Debtor also argues that ineffective legal representation in the 1992 Filing lead to denial of his discharge, and that this is a material factual issue that should defeat summary judgment on the cause of action under Section 523(a)(10).  Debtor's Affidavit, ¶6-9.

Even taking the Debtor's assertions to be true, this Court does not have the authority to look behind Judge Stosberg's order denying the Debtor's discharge in the 1992 Filing.  This Court is required to give full faith and credit to prior rulings of other courts, and the principles of *res judicata* bar this Court from allowing relitigation of issues that have been previously decided.  For example, in <u>Teachers Ins. and Annuity</u>

Ass'n of America v. Butler, 803 F.2d 61, 66 (2d Cir. 1986), the Second Circuit required

the bankruptcy court to give full faith and credit to a district court ruling. Although the

judgment did not become final for purposes of appealability before the bankruptcy case

was commenced, the judgment was "nevertheless final for *res judicata* purposes." Id.

Citing numerous cases, the Second Circuit noted that: "In similar contexts courts have

held that a bankruptcy court is precluded from relitigating judgments rendered by courts

of competent jurisdiction, absent a showing that the judgment was procured by fraud or

collusion." Id.  The prohibition described in *Butler* applies even more forcefully in the

case at bar, where Judge Stosberg's decision to deny the Debtor's discharge was affirmed

by the district court in a published decision, Martin v. Key Bank of New York, N.A. (In

re Martin), 208 B.R. 799, 804-806 (N.D.N.Y. 1997).  This Court cannot sit in review of

another bankruptcy court's decisions, let alone the decisions of an appellate court.  If

there is any remedy for the Debtor's claim of ineffective counsel, it is through the

appropriate procedures; it cannot be raised in this Court to support a collateral attack on

other courts of competent jurisdiction.  Thus, for the purposes of this summary judgment

motion, Debtor's claim that he had ineffective legal representation in the 1992 filing is

not a material issue of fact.

### Conclusion

Upon the foregoing, Plaintiff's motion for summary judgment is granted.

Counsel for the Plaintiff is requested to submit an order consistent with this decision.


Dated: Poughkeepsie, New York
        November 18, 2005              ____/s/ Cecelia Morris_____
                                       CECELIA G. MORRIS
                                       UNITED STATES BANKRUPTCY JUDGE